

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAY RATTLER | CIVIL ACTION |
| VERSUS | NO. 99-2482 |
| MARC H. MORIAL, ET AL | SECTION "R" (4) |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit Proposed Findings and Recommendations for disposition pursuant to **Title 28, United States Code, Sections 636(1)(B) and (C)** and as applicable, **Title 42 United States Code § 1983.**

I. **Factual Summary:**

The plaintiff, Ray Rattler a/k/a Don Williams ("Rattler") filed this lawsuit *in forma pauperis* and pro se pursuant to Title 42 U.S.C. § 1983 seeking monetary compensation for the alleged perjured statements of Detective John Raphael and Delores Smith. He further seeks damages from Assistant District Attorney, Beryl McSmith for allegedly suborning perjury.

Rattler is in the custody of Dixon Correctional Institute after being convicted of possession

DATE OF ENTRY
JUN 2 0 2000

1

DATE OF MAILING  JUN 2 0 2000

of marijuana and stolen property.[1] He alleges that Detective Raphael committed perjury when he swore in the affidavit used to secure a search warrant, that he received an anonymous telephone call advising him that Don Williams a/k/a Ray Rattler was in possession of marijuana. Rattler further alleges that Raphael perjured himself when he swore that the caller advised him that Rattler offered to sell the caller a color television which was purchased with a stolen credit card.

Rattler also contends that an individual named, Dolores Smith, committed perjury and that Assistant District Attorney, Beryl McSmith suborned perjury presumably when Smith was called to testify during the criminal trial. Rattler also names the Mayor and Police Chief of New Orleans as defendants, but does not set forth any specific allegations against them.

The plaintiff specifically states that he is not challenging the conviction. He only seeks damages for the acts of perjury allegedly committed by the defendants. Although the plaintiff has not expressly challenged his conviction, he contends that the conviction was secured through the use of perjured testimony, a false affidavit used to secure a search warrant and the prosecutor's suborning of perjured testimony. This claim impliedly challenges the validity of the plaintiff's conviction.

## II. Analysis:

### A. Claim against the mayor and the police chief

Rattler named the mayor and the police chief of the city of New Orleans as defendants. However, he has not directly alleged that they were involved in securing the perjured statement or affidavit.

---

[1] See Complaint Page 6.

A supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999). *See also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981). *See also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980).

The plaintiff has not alleged that the mayor or the police chief was personally responsible for any of the acts about which he complains in this lawsuit. Therefore, the claims against Mayor Marc Morial and Police Chief Richard Pennington should be dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e).

### B. Claim against Raphael, McSmith, and Smith

To the extent the instant complaint raises a claim pursuant to 42 U.S.C. § 1983, this claim must be dismissed. An *in forma pauperis* complaint may be dismissed if it is frivolous, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i) - (iii) (1999); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d)).[2] In addition, under 28 U.S.C. § 1915A(b)(1), the Court is required to screen all prisoner complaints against governmental entities and officers, and dismiss those claims which are frivolous or fail to state a

---

[2] 28 U.S.C. § 1915(d) was amended in 1996 by Pub. L. No. 104-134, 110 Stat. 1321. The former section now appears at 28 U.S.C. § 1915(e). The amendment did not change the standard permitting dismissal of frivolous *in forma pauperis* complaints.

3

cognizable claim. In the present case, the plaintiff's civil rights claim for damages, under the broadest reading, should be dismissed for failure to state a claim for which relief may be granted.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or his present confinement. Before a plaintiff may proceed under § 1983, he must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus.*" *Heck*, 512 U.S. at 486-87; *see also Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied*, 516 U.S. 851 (1995); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994).

In the present case, the plaintiff's claim bears directly upon the validity of his present conviction. Therefore, the plaintiff's civil rights claims are not cognizable at this time because Rattler has not proven that the conviction has been reversed or declared invalid. Accordingly, these claims should be dismissed with prejudice to their being asserted again until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423 (5th Cir. 1996).

## III. Recommendation:

For the foregoing reasons, **IT IS RECOMMENDED** that:

(1) the plaintiff's § 1983 claim against **Mayor Marc Morial** be dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e);

(2) the plaintiff's § 1983 claim against **Chief of Police Richard J. Pennington,** be dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e);

(3) the plaintiff's § 1983 claim against **Detective John Raphael, Delores Smith, and Assistant District Attorney Beryl McSmith** be dismissed as premature pursuant

to *Heck v. Humphrey* [3] and with prejudice to their being asserted again until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423 (5th Cir. 1996).

A party's failure to file written objections to the Proposed Findings, Conclusions and Recommendations in a Magistrate Judge's Report and Recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the Unobjected to Proposed Factual Findings and Legal Conclusions accepted by the District Court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430(5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 19th of June 2000.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[3] 512 U.S. 477 (1994).